**In re Leon Albert LITTLE, Debtor.**

**Bankruptcy No. 86–00985.**

United States Bankruptcy Court,
N.D. New York.

June 11, 1987.

Michael L. Supnik, Syracuse, N.Y., trustee.

Ali, Driggs, Pappas, Paltz & Cox, P.C., Syracuse, N.Y., for Sunfirst Federal Credit Union; P. Douglas Dodd, of counsel.

## MEMORANDUM–DECISION AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

The Trustee has moved to expunge the unsecured claim of Sunfirst Federal Credit Union ("Sunfirst") on the grounds it was not timely filed. Sunfirst cross-moves for the Court's reconsideration of its claim. Both matters were heard on April 21, 1987, with each party afforded an opportunity to submit memoranda.

### FACTS

On August 11, 1986, the Debtor filed his voluntary petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 101–1330 ("Code"). On August 19, 1986, Sunfirst admittedly received the Bankruptcy Clerk's notice of filing, together with notice of the date first set for the Code § 341 meeting of creditors. Sunfirst did not file a proof of claim because it believed its claim of $13,128.71 against Debtor was secured by an interest in Debtor's mobile home.

Sunfirst avers it was given to believe through conversation and representations, that the Debtor intended to reaffirm the obligation. Debtor had included a Statement of Intent to this effect with his bankruptcy petition.

On October 20, 1986, the Trustee informed Sunfirst he was proceeding to avoid its secured claim interest as the security interest had been improperly perfected. Sunfirst recognized the error in perfection by consent to the Trustee's position on November 18, 1986. An Order on consent, avoiding its lien, was signed by the Court on November 26, 1986, and entered by the bankruptcy clerk on December 1, 1986.

Near the end of December, 1986, Sunfirst met with its legal counsel to discuss the foregoing activities. At that time, Sunfirst was first made aware of the necessity of filing a proof of claim due to the entry of the Order on December 1, 1986. Counsel immediately prepared a proof of claim, and mailed it to the Bankruptcy Clerk's office under cover letter dated December 31, 1986. The proof of claim was received by the bankruptcy clerk on January 7, 1987.

The Trustee subsequently sold the mobile home free and clear of liens pursuant to Code § 363(f). Sunfirst was the successful bidder in the amount of $12,500.00, and the Order confirming the sale was entered on February 18, 1987. The Trustee now moves to expunge Sunfirst's allegedly untimely proof of claim, and Sunfirst seeks implementation of the Court's equitable powers to allow the late filing on the grounds of mistake, inadvertence, and excusable neglect. Sunfirst contends that equity demands this result, noting it refrained from contesting the Trustee's action to void its secured claim, and that it was the high bidder for the mobile home.

### DISCUSSION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and 28

U.S.C. § 157(a) and (b)(2)(B). For the following reasons, Sunfirst's motion will be granted, and the Trustee's denied.

Fed.R.Bankr.P. 3002 generally provides the time deadlines for the filing of proofs of claim in Chapter 7 and Chapter 13 cases. Subdivision (c) provides for the filing of a proof of claim within 90 days after the first date set for the Code § 341 meeting, yet recognizes six exceptions to this time limit. The third exception is relevant for purposes of the present dispute:

> (3) An unsecured claim which arises in favor of a person or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that person or denies or avoids the person's interest in property ...

The Advisory Committee Notes to Fed.R. Bankr.P. 3002 recognizes that:

> [a]lthough the claim of a secured creditor may have arisen before the petition, a judgment avoiding the security interest may not have been entered until after the time for filing claims has expired. Under Rule 3002(c)(3) the creditor who did not file a secured claim may never-theless file an unsecured claim within the time prescribed. A judgment does not become final for the purpose of starting the 30 day period provided for by paragraph (3) until the time for appeal has expired or, if an appeal is taken, until the appeal has been disposed of. *In re Tapp,* 61 F.Supp. 594 (W.D.Ky.1945).

Although the Court signed the Order avoiding Sunfirst's lien on November 26, 1986, it was not entered until December 1, 1986. Fed.R.Bankr.P. 8002(a) requires that a notice of appeal be filed "within ten days of the date of entry of the judgment, order, or decree appealed from." Since Fed.R. Bankr.P. 9006(a) indicates that the day of the act from which a designated period of time begins to run is not included in computing the period of time, but the last day of the period is included, the Court's Order became "final" for purposes of Fed.R. Bankr.P. 3002(c)(3) on December 11, 1986. If Fed.R.Bankr.P. 9006(a) is again applied

for purposes of computing the thirty day period for the filing of a proof of claim, Sunfirst would have had to have filed its proof of claim no later than January 10, 1987. Having done so, its proof of claim is deemed to have been timely filed in accord with Fed.R.Bankr.P. 3002(c), and the Court need not address the issue of excusable neglect, inadvertence, or mistake.

Accordingly, it is

ORDERED:

1. The Trustee's motion is denied. Sunfirst's unsecured proof of claim received by the bankruptcy clerk on January 7, 1987 is timely filed.