**In re Larry Jean WILSON, d/b/a Larry J. Wilson, D.M.D. P.C., Debtor.**

**Bankruptcy No. 87–05626.**

United States Bankruptcy Court,
N.D. Alabama.

Sept. 9, 1988.

Mark P. Williams, Birmingham, Ala., for Dr. John E. Carr.

Milton G. Garrett, Birmingham, Ala., for debtor.

FINDINGS OF FACT AND
CONCLUSIONS OF LAW

L. CHANDLER WATSON, Jr.,
Bankruptcy Judge.

The above-styled case came before the Court on May 17, 1988, at Anniston, Alabama, on the motions of Dr. John E. Carr for allowance of an untimely-filed proof of claim and for reconsideration of the Court's order dated April 18, 1988, whereby this Court denied the movant's motion to extend the time for filing a complaint to determine the dischargeability of a debt or to object to a discharge.

*Findings of Fact—*

It being appropriate to take judicial notice of the motions and orders in the case file maintained by the clerk of the Court, the Court takes such notice and considers the affidavit of Dr. John E. Carr filed with the clerk on April 28, 1988, and finds therefrom the facts to be as follows:

1. On June 26, 1987, the debtor, Larry Jean Wilson, filed a voluntary bankruptcy petition under title 11, chapter 7, of the United States Code;

2. The debtor did not list Dr. John E. Carr as a creditor on the schedules attached to and made a part of the bankruptcy petition; therefore, said creditor did not receive a notice to creditors, sent by the clerk of this Court on June 30, 1987, of the time for filing proofs of claim or complaints pursuant to 11 U.S.C. § 523(c) or § 727, or of the date set for the first meeting of creditors pursuant to 11 U.S.C. § 341, said date being July 22, 1987;

3. On January 14, 1988, the debtor filed an amendment to the list of creditors, whereby John E. Carr, among others, was added as a creditor of the debtor upon a debt of $30,000.00;

4. On February 17, 1988, the clerk of the Court notified John E. Carr that the debtor had amended his bankruptcy petition to include said creditor, among others, on the schedules attached to and made a part of the petition. The clerk further notified the creditor that "September 21, 1987" [sic] was the last date on which to file a complaint pursuant to 11 U.S.C.

§ 523(c) or § 727, and that October 20, 1987, was the last date on which to file a proof of claim in this case;

5. On March 15, 1988, by and through an attorney, Dr. John E. Carr attempted to file with the clerk of the Court a proof of claim in the sum of $50,000;

6. On April 8, 1988, the clerk of the Court notified the attorney for Dr. Carr that the proof of claim filed by said creditor was defective because it had been filed after the bar date of "September 21, 1987" [sic] and, therefore, that said claim was not filed and allowed; and

7. On March 18, 1988, Dr. Carr filed a motion to extend the time for filing a complaint, wherein the movant requested that the Court extend the time for filing a complaint to determine the dischargeability of a debt and to object to discharge of the debtor. In said motion it is stated that Dr. Carr was informed on the eve of a state court proceeding between Dr. Carr and the debtor that the debtor had filed a petition under title 11, chapter 7, of the United States Code. The motion was denied by this Court on April 18, 1988.

*Conclusions of Law—*

The time for filing a proof of claim in a case under title 11, chapter 7, is governed by Bankruptcy Rule 3002, said rule reading in part as follows:

. . . . .

(c) Time for Filing. In a chapter 7 liquidation or chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, except as follows:

. . . . .

The exceptions recited in the rule are inapplicable here; thus, a proof of claim to be timely filed must have been filed within 90 days after the first date set for the meeting of creditors. Said meeting here being on July 22, 1987, the last date timely to file a proof of claim in this case was October 20, 1987.

■ The Court is without discretion to extend the time for filing a proof of claim, except as stated in the rule.[1] No exception being applicable in this case, and the Court being without discretion to allow an untimely-filed proof of claim,[2] this Court concludes that the proof of claim (which the movant attempted to file on March 15, 1988) was untimely, that said claim, therefore, was not allowed by the provisions of 11 U.S.C. § 502(a), and that an extension of time to file said claim is not permissible pursuant to Bankruptcy Rules 3002(c) and 9006(b)(3).

■ Under the provisions of § 502(a), claims, proof of which are filed under 11 U.S.C. § 501, are "deemed allowed, unless a party in interest . . . objects." With stated exceptions which have very limited application and have no application here, § 502(b) requires that "if such objection to a claim is made, the court . . . shall determine the amount of the claim . . . as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent—(1) such claim is unenforceable against the debtor and property of the debtor. . . ." At this point in § 502(b) there are listed eight of the grounds for an objection to a creditor's proof of claim filed under § 501 (or for the court to disallow all or part of a creditor's claim, proof of which was filed under § 501), with two additional grounds being stated in subsections (d) and (e)(1) of § 502.

None of the grounds listed in § 502 for an objection to a claim, proof of which was filed under § 501, is that the proof of claim was *untimely* filed. Thus, an objection for *untimelyness*, to a claim, proof of which was filed under § 501, is unfounded, for the provisions of Bankruptcy Rule 3002(a) and (c) are in conflict with the statute and are thereby rendered toothless; or, else, a proof of claim offered for filing after the bar date stated in Bankruptcy Rule 3002(c) *is not* a proof of claim "which is filed under § 501," and the claim sought to be proven by the *untimely* proof of claim *is*

---

**1.** 1987 Bankr.Rule 9006(b)(3).

**2.** *Id.*

*not* such a claim as is "deemed allowed, unless a party in interest ... objects." If the latter, no objection to an untimely proof of claim is required or is appropriate. The underlying claim simply is not such a claim as is allowed by operation of § 502(a).

Section 501 begins with the short, permissive statement that a "creditor ... may file a proof of claim."[3] Immediately, in § 501(b) and (c), the concept that a proof of claim may *not be filed* "timely" is recognized and rights are given to other entities to file a proof of the creditor's claim.[4] In the House and Senate Reports of the Bankruptcy Reform Act of 1978,[5] it is made clear that § 501 was drafted with the intention by Congress that procedural matters— including when it would be permissible or impermissible for a creditor to file a proof of the creditor's claim—would govern a creditor's exercise of the permission given in § 501 that a creditor "may file a proof of claim":

> This subsection is permissive only, and does not require filing of a proof of claim by any creditor. It permits filing where some purpose would be served.... In general, however, unless a claim is listed in a chapter 9 or chapter 11 case and allowed as a result of the list, a proof of claim will be a prerequisite to allowance for unsecured claims, including priority claims and the unsecured portion of a claim asserted by the holder of a lien.
>
> The Rules of Bankruptcy Procedure will set the time limits, the form, and the procedure for filing, which will determine whether claims are timely or tardily filed.....

H.R.Rep. No. 95–595, 95th Cong., 2d Sess. 351 (1977); S.Rep. No. 95–989, 95th Cong. 2d Sess. 61 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5847, 6307.[6]

If there is any conflict between the provisions of § 502(a) and Bankruptcy Rule 3002(c) because the latter erects a termination of the permission (under § 501) for a creditor to file a proof of claim, the same impermissible nature afflicts Bankruptcy Rule 3003, which in (c)(3) provides for the court to fix "the time within which proofs of claim ... may be filed" and which in (c)(2) provides that any creditor who is required to file a proof of claim in a chapter 9 or 11 bankruptcy case and does not timely "do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution."

■ From the foregoing the Court concludes that the presence or absence of an objection (under § 502) to an untimely proof of claim is immaterial, that there was no impropriety in the clerk's refusal of the tardily-presented claim of Dr. Carr, and that the Court is without any power under 11 U.S.C. § 105(a) or otherwise to direct that the late proof of claim be filed.

Remedies for the denial to Dr. Carr of any opportunity to file a timely proof of claim in this case lie elsewhere than under § 105(a) or the statutory authority for the bankruptcy rules, 28 U.S.C. § 2075. There is an absence of any provision in present § 2075 (in contrast to its predecessor) which would permit a bankruptcy rule to supersede a statutory provision, but there is only an ethereal conflict between the provisions of Bankruptcy Rules 3002(c) and 3003(c)(2) and (3) and those of 11 U.S.C. § 502(a).

---

**3.** 11 U.S.C. § 501(a). The term "creditor" is defined in 11 U.S.C. § 101(9).

**4.** These provisions are elaborated upon in Bankruptcy Rules 3004 and 3005.

**5.** Pub.L. 95–598 (1978).

**6.** Under the heading "Treatment of Secured Claims," the House Report goes on to point out that, in a chapter 13 case, a plan cannot be confirmed until determination of the amount of secured debt:

> In a chapter 13 case, the need to know the amount of secured debt is paramount. Secured claims are handled separately in a chapter 13 case, and are required to be paid in full to the extent of the value of the collateral. A plan simply cannot be confirmed until the amount of the secured debt is determined. The Chapter XIII Rules, recognizing this problem, set a short bar date for the filing of secured claims. If not filed within that period, they are treated under the plan as unsecured. The Rules do not, however, affect the validity of the underlying lien.

Section 2075 of title 28 does provide that the bankruptcy "rules shall not abridge, enlarge, or modify any substantive right," but an argument that a bar to the untimely filing of a proof of claim abridges or modifies the creditor's "substantive right" to participate in the bankruptcy case either gives an uncommon meaning to the term "substantive right" in the context of a bankruptcy case or ignores an exception, set in cured concrete by the legislative history of title 11, United States Code, to the prohibition in 28 U.S.C. § 2075. The creditor's objection to the clerk's refusal to file the late proof of claim constitutes a motion to permit and require that the proof of claim be filed, and it must be denied.

Giving attention to the the movant's motion for reconsideration of this Court's order wherein an extension of time to file a complaint to determine the dischargeability of a debt or to object to discharge was denied, reference must be made to Bankruptcy Rules 4004(a) and (b), 9006(b)(3), and 4007(b), and 11 United States Code § 523(a)(3). This statutory provision reads as follows:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

.   .   .   .   .

(3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—

(A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or

(B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.

Although the motion for reconsideration and the motion to extend the time to file a dischargeability complaint filed by Dr. John Carr do not specify that the complaint sought to be filed is pursuant to 11 U.S.C. § 523(c), said motions are meaningless unless made with reference to 11 U.S.C. § 523(a)(2), (4), or (6), because the time for filing a complaint under said provisions had expired at the time the movant filed the motions, but the time for filing a complaint pursuant to any other provision of 11 U.S.C. § 523 is without bankruptcy-rule limitation.[7]

■ Upon review of its order dated April 18, 1988, wherein this Court denied the movant an extension of time in which to file a complaint pursuant to 11 U.S.C. § 523(c), this Court concludes that the order should not be vacated as to that aspect of the motion. The movant having filed the motion for an extension of time on March 18, 1988, and the request having been made beyond 60 days following the first date set for the meeting of creditors held pursuant to 11 U.S.C. § 341(a), the Court is without discretion to allow an extension of time to file a complaint pursuant to 11 U.S.C. § 523(c).[8]

■ As to that aspect of the movant's original motion requesting an extension of time to file a complaint objecting to the debtor's discharge, the denial of the request was proper, pursuant to Bankruptcy Rules 4004(b) and 9006(b)(2). An extension of time to file such a complaint may be granted for cause; however, a request for such an extension must be filed before the expiration of the time for filing such complaints. In the present case, the movant's request for an extension of time being filed on March 18, 1988, and the time for filing complaints objecting to discharge being September 20, 1987,[9] said date being the last day not later than 60 days following

---

7.  1987 Bankr.Rule 4007(b) and (c).

8.  1987 Bankr.Rules 4007(c) and 9006(b)(3).

9.  1987 Bankr.Rule 4004(a).

the first date set for the meeting of creditors, this Court's previous conclusion that the request was untimely is correct. The motion for reconsideration will be denied.