In re Jonathan L. BAILEY, Sr., Individually and as an Officer of Leigh Exteriors, Inc. and Mary Jo Bailey, Debtors.

Bankruptcy No. 92–00202.

United States Bankruptcy Court, N.D. New York.

Feb. 12, 1993.

Mark W. Swimelar, Syracuse, NY, Chapter 13 Trustee.

Bodow Law Firm, P.C., Syracuse, NY, for debtors; Irwin Mallin, of counsel.

William B. Rosbrook, Syracuse, NY, for Erie Materials.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

The within contested matter is before the Court by way of a motion filed on September 22, 1992, by Mark W. Swimelar, Chapter 13 Trustee ("Trustee"), to expunge Erie Materials, Inc.'s ("Erie") claim against the estate in the amount of $27,482.99.

Oral argument was heard at the Court's regular motion term held in Syracuse, New York, on November 10, 1992. Thereafter, the parties were provided an opportunity to submit memoranda of law. The matter was submitted for decision on December 1, 1992.

## JURISDICTIONAL STATEMENT

The Court has jurisdiction over the parties and subject matter of this core proceeding pursuant to 28 U.S.C. §§ 1334, 157(a), 157(b)(1), (b)(2)(A) and (B).

## FACTS

On January, 23, 1992 Jonathan and Mary Jo Bailey ("Debtors") filed a joint petition under Chapter 13 of the Bankruptcy Code ("Code") (11 U.S.C. §§ 101–1330). Debtors' Chapter 13 Plan was confirmed by Order of the Court dated September 1, 1992.

Debtors' Schedule F, filed with their joint petition, listed Erie as a creditor holding an unsecured non-priority claim in the amount of $30,800.00. On February 14, 1992, notice of the Code § 341 meeting of creditors was mailed to all creditors listed in Debtors' petition. The notice set June 8, 1992 as the last day for the filing of claims in Debtors' Chapter 13 case. Erie's proof of claim, dated June 4, 1992, was received by the Clerk of the Court ("Clerk") on June 9, 1992, and was filed on the same day.

Erie's address is listed on Schedule F as: Erie Materials, 500 Factory Avenue, Syracuse, N.Y. 13208. This address also appears on page one of the mailing matrix which was filed with Debtors' petition. Debtors' file contains what appears to be a form letter from Erie, dated November 22, 1991, upon which is hand written Debtors' case number and the date February 24, 1992. The letter states that Erie's correct address is: Erie Materials, P.O. Box 476, Syracuse, N.Y. 13211. Attached to the letter is what appears to be a photocopy of the envelope that the notice to creditors was mailed in. The copy depicts a label which is affixed to the envelope directing the addressee to "Notify Sender of New Address: Erie Materials, P.O. Box 476, Syracuse, N.Y. 13211-0476." It appears that the mailing matrix was updated by the Clerk accordingly, as the 500 Factory Avenue address on page one has been crossed-out and replaced by a label, affixed to page three, which bears the P.O. Box 476 address.

The Trustee has commenced making payments to creditors under Debtors' Plan.

## ARGUMENTS

Trustee contends that pursuant to Rule 3002(c) of the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P."), the date set in the notice to creditors as the last date

for the filing of proofs of claim in a Chapter 13 case constitutes a statute of limitations barring the filing of late claims. Since Erie's proof of claim was filed after such date had passed in this case, Trustee contends that it must be expunged.

Relying on the decision and rationale of the United States Bankruptcy Court for the District of Minnesota, sitting *en banc*, in *In re Hausladen*, 146 B.R. 557 (Bankr. D.Minn.1992), Erie contends that the date set in the notice to creditors is not a statute of limitations barring the late filing of claims. Rather, Erie asserts that such date delineates classification and treatment of such claims under a debtor's Chapter 13 plan. Thus, Erie contends that its claim, mailed before the date set in the notice, yet not received by the Clerk and filed until one day after the date had passed, may not be disallowed on the basis of being tardily filed, and must therefore be treated under Debtors' confirmed Plan.

## DISCUSSION

■ It is well settled in this Circuit that Fed.R.Bankr.P. 3002(c) is strictly construed as a statute of limitations barring the late filing of proofs of claim. *In re Nohle*, 93 B.R. 13, 15 (Bankr.N.D.N.Y.1988) (citations omitted); *In re Roberts*, 98 B.R. 664, 665–66 (Bankr.D.Vt.1989); *accord, In re Duarte*, 146 B.R. 958 (Bankr.W.D.Tex. 1992); *cf. In re Benedict*, 65 B.R. 95 (Bankr.N.D.N.Y.1986) (the filing of an objection to the confirmation of debtor's Chapter 13 plan within the time set for the filing proofs of claim was sufficient notice of the creditor's claim so that submission of a formal proof of claim after the bar date acted as an amendment thereto).

■ Absent defective notice of the bar date, *In re Dodd*, 82 B.R. 924 (N.D.Ill.1987) (holding that a creditor who did not receive notice of the bankruptcy was entitled to file its late claim); *accord, In re Barnett*, 42 B.R. 254 (Bankr.S.D.N.Y.1984), the time limit imposed by Fed.R.Bankr.P. 3002(c) may not be enlarged except as provided by one of the six exceptions recognized by that Rule. *See* Fed.R.Bankr.P. 9006(b)(3); *In re Duarte, supra*, 146 B.R. at 960; *In re Wilson*, 90 B.R. 491, 493 (Bankr. N.D.Ala.1988). None of those exceptions are applicable here. As the Rule controls, courts are without discretion or equitable power to enlarge the period for the filing of proofs of claim even where the refusal to grant such an extension might seem harsh under the circumstances. *See In re Nohle, supra*, 93 B.R. at 16 (proof of claim filed one day late must be expunged); *cf. Hoos & Co. v. Dynamics Corp. of America*, 570 F.2d 433, 439 (2d Cir.1978) (Chapter XI case under the Bankruptcy Act in which the Second Circuit stated that "[the] clear Congressional intent to require filing of valid proofs of claim within the time limits that it has set up is sufficient to preclude us from finding exceptions to these rules in the supposed interest of equity.").

■ In the matter *sub judice*, it has not been disputed that Erie received the notice to creditors in time to timely file its proof of claim. Erie was listed in Debtors' Schedules, was included in the mailing matrix and was included among the creditors to whom notice was mailed on February 14, 1992. Pursuant to Fed.R.Bankr.P. 3002(c) the 90–day period to file proofs of claims runs from the date set in the notice to creditors for the Code § 341 meeting. *See generally In re Little*, 74 B.R. 625, 627 (Bankr.N.D.N.Y.1987). Here, that date was set for March 9, 1992, and the last day for filing claims was set for June 8, 1992. Even assuming, arguendo, that Erie received the notice later than other creditors due to having changed its address, and assuming further that the handwritten date on its change of address letter to the Clerk, February 24, 1992, was also the date on which it received the notice, Erie still would have had 105 days from that date in which to timely file its proof of claim by June 8, 1992. Thus, proper notice and due process concerns are not in issue here.

This background notwithstanding, Erie contends that under a rule of law recently adopted by the Bankruptcy Court for the District of Minnesota in *In re Hausladen, supra*, 146 B.R. 557, its proof of claim should be allowed for purposes of treat-

ment under Debtors' confirmed Chapter 13 Plan. Thus, the issue to be determined here is whether *Hausladen* marks a recognizable change of law in this seemingly well settled area that should be adopted by this Court. For the reasons stated below, this Court finds the rationale underlying the *Hausladen* decision unpersuasive. Consequently, Erie's proof of claim, which was filed after the bar date, must be expunged.

*Hausladen* holds that claims, proof of which are filed after the date set in the notice to creditors pursuant to Fed. R.Bankr.P. 3002(c), are claims against the estate which, even in the face of an objection based on timeliness *must* be allowed, *id.* at 559–60, for purposes of classification and treatment under a Chapter 13 debtor's plan. *Id.* at 560. In reaching this conclusion, the *Hausladen* court reasons, in part, that late filed claims must be allowed because lateness is not a ground for disallowance under Code § 502(b).[1] *Id.* at 559–60. Further, that because of the fundamental difference between the allowance of claims on the one hand, and their classification and treatment under a plan on the other, Code § 502(b) and Fed.R.Bankr.P. 3002(c) operate independently of one another in order to provide for proofs of claim that are filed out of time. *See Id.* at 560–61.

This Court finds that Code § 502(b) and Fed.R.Bankr.P. 3002(c) are not independent of, or in conflict with, one another and were intended to operate together in the expeditious administration of Chapter 13 cases where the time frames have purposefully been abbreviated. In the first instance, Code § 501 permits a creditor to file a proof of claim but does not provide a

mechanism by which this task may be accomplished. The legislative history to Code § 501 clarifies that it was Congress' intention that procedural guidelines, including when it would be permissible or impermissible for creditors to file proofs of claim, would govern a creditor's exercise of the permission granted in Code § 501. *In re Wilson, supra,* 90 B.R. at 494. The House and Senate reports provide:

> This subsection is permissive only, and does not require filing of a proof of claim by any creditor. It permits filing where some purpose would be served.... The Rules of Bankruptcy Procedure and practice under the law will guide creditors as to when filing is necessary and when it may be dispensed with. In general, however, unless a claim is listed in a chapter 9 or chapter 11 case and allowed as a result of the list, *a proof of claim will be a prerequisite to the allowance for unsecured claims.* * * * The Rules of Bankruptcy Procedure will set the time limits, the form, and the procedure for filing, which will determine whether claims are timely or tardily filed.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 351 (1977), *reprinted in,* 1978 U.S.Code Cong. & Admin.News 5963, 6307; S.Rep.No. 989, 95th Cong., 2d Sess. 61, *reprinted in,* 1978 U.S.Code Cong. & Admin.News 5787, 5847 (emphasis added).

 Thus, Fed.R.Bankr.P. 3002(a) provides that an unsecured creditor must file a proof of claim *"in accordance with this rule for the claim ... to be allowed...."*[2] *Id.* (emphasis added). The Rule is subject to certain exceptions, none of which are relevant here. Fed.R.Bankr.P. 3002(c) pro-

---

**1.** Two other recent decisions cite *Hausladen* approvingly for this proposition. These are: *In re Rago,* 149 B.R. 882 (Bankr.N.D.Ill.1992) and *In re Corporacion De Servicios Medico–Hospitalarios De Fajardo, Inc.,* 149 B.R. 746 (Bankr.D.Puerto Rico 1993). Both of these decisions, however, deal with cases under Chapter 7, which as discussed *infra,* involve different concerns than those addressed in Chapter 13. In dictum, the *Rago* court implies that this reasoning might also be applicable to cases under Chapter 13. *See In re Rago, supra,* 149 B.R. at 884.

**2.** The Bankruptcy Court for the District of Minnesota observes that "[r]ead together, Rules 3002(a) and 3002(c) do not explicitly say but imply that filing with in [sic] the prescribed period is a prerequisite to allowance." *In re Hausladen, supra,* 146 B.R. at 559. With all due respect to that observation the plain reading of Fed.R.Bankr.P. 3002(a) requires this Court to reach the conclusion that that Rule emphatically requires the filing of a proof of claim within the period prescribed under Fed.R.Bankr.P. 3002(c) as a condition precedent to allowance.

vides that "a proof of claim *shall* be filed within 90 days after the first date set for the meeting of creditors called pursuant to [Code] § 341...." Use of the term "shall" indicates that in order to participate in a Chapter 13 distribution a creditor must file a proof of claim within the time limit set out in the Rule. *In re Nohle, supra,* 93 B.R. at 14.

Code § 502(a) provides that a claim, proof of which is filed under Code § 501, will be deemed allowed unless a party in interest objects. The basis upon which such a party may object are provided in Code § 502(b). Untimeliness in filing is not one of them. However, reading these Code sections together with Fed.R.Bankr.P. 3002(a) and (c) this Court concludes that in order for an unsecured creditor's claim to meet the threshold requirement for allowance under Code § 502(a), a proof of claim must be filed under Code § 501 which comports with Fed.R.Bankr.P. 3002(a) and (c). Failure to meet these simple requirements will result in the claim being disallowed, or more appropriately expunged.[3] *Cf. In re Wilson, supra,* 90 B.R. 491 (impliedly holding that a Chapter 13 creditor's tardy proof of claim was a complete nullity thereby validating the clerk's refusal to accept such proof of claim for filing after the bar date had passed). Since Erie's proof of claim did not conform with the time limit prescribed by Rule 3002(c) and the Court is without discretion to extend the period, *see In re King,* 90 B.R. 155, 158 (Bankr. E.D.N.C.1988) (citing *Maressa v. A.H. Robbins Co., Inc.,* 839 F.2d 220, 221 (4th Cir.), *cert. denied, A.H. Robbins Co., Inc. v. Maressa,* 488 U.S. 826, 109 S.Ct. 76, 102 L.Ed.2d 53 (1988)); *see also* Fed.R.Bankr.P. 9006(b)(3), its claim must be expunged.

The *Hausladen* court finds that the current practice of disallowing late filed claims resulted from improperly carrying over pre-code law into present practice. *Hausladen, supra,* 146 B.R. at 559. That court observes that under the Bankruptcy Act, late claims were explicitly disallowed:

"[s]ection § 57(n)· of the Act provided that ... '[c]laims which are not filed within six months after the first date set for the first meeting of creditors *shall not be allowed* ...'" *Hausladen, supra,* 146 B.R. at 559 (emphasis in original) (citing 11 U.S.C. § 93(n)) (repealed Oct. 1, 1979). Former Bankruptcy Rule 13–302(e)(2) implemented this time bar by adopting the time limits on the filing of claims established by § 57(n) of the Act. *Hausladen, supra,* 146 B.R. at 561 (citing the Advisory Committee Note to Rule 13–302(e)(2)). The legislative history to the Bankruptcy Reform Act reveals, however, that in revising and modernizing the bankruptcy law "nearly all procedural matters [formerly incorporated in the provisions of the Act] have been removed and left to the Rules of Bankruptcy Procedure.... H.R.Rep. No. 595, 95th Cong., 1st Sess. 449 (1977), *reprinted in,* 1978 U.S.Code Cong. & Admin.News 5963, 6405. Thus, the fact that former § 57(n) of the Bankruptcy Act explicitly disallowed late claims while Code § 502(b) does not, fails to establish an abandonment of the Congressional "bar date" concept in light of the language of Fed.R.Bankr.P. 3002(a).

■ Further, *Hausladen's* analogy to the treatment of untimely proofs of claim under Code § 726(a) is not applicable in these proceedings since that provision admittedly only applies in a liquidation case under Chapter 7 and implicates concerns different than those addressed under Chapter 13. Under Code § 726(a)(2)(C)(i) and (ii), the tardily filed claims of creditors without notice or actual knowledge of the bankruptcy case, whose claims are filed in time to permit payment, are grouped with other allowed unsecured non-priority claims, *see* Code § 726(a)(2), for payment ahead of other tardily filed claims where the creditor had notice but simply missed the bar date. *See* Code § 726(a)(3). Thus, in a Chapter 7 liquidation, tardily filed claims in the latter category will be paid only after all other claims ahead of it in

---

**3.** In *In re Nohle, supra,* 93 B.R. 13, this Court explained that since untimeliness is not one of the categories by which a claim can be disallowed under § 502(b), the act of excluding such a claim is more appropriately referred to as expungement. *See Id.* at 16 n. 3 (citations omitted).

priority have been paid in full. *See also* Fed.R.Bankr.P. 3002(c)(6). In direct contrast to Code § 726(a), however, there is no Chapter 13 corollary. Aside from there being a lack of notice, the only basis upon which tardily filed claims might be classified for purposes of treatment under a Chapter 13 plan are those provided in Fed. R.Bankr.P. 3002(c), none of which apply here. Moreover, if a court were to allow such claims for payment under a confirmed Chapter 13 plan, then the pro rata dividend payable to those creditors who did timely file their proofs of claim would be unfairly reduced.[4]

██ The *Hausladen* court also states that its interpretation eliminates any inconsistency that might exist between Code § 502 and Fed.R.Bankr.P. 3002. *Hausladen, supra,* 146 B.R. at 560 n. 5. While its interpretation might have relevance in a case under Chapter 7, *see* Discussion *supra,* the result reached by that court renders the time constraint of Fed.R.Bankr.P. 3002(c) meaningless in the Chapter 13 context where there are no substantive provisions for late filed claims. The rules of statutory construction provide that where possible "statutes are to be given such effect that no clause, sentence, or word is rendered superfluous, contradictory, or insignificant." *In re OTC Net Inc.,* 34 B.R. 658, 661 (Bankr.D.Colo.1983) (citing *E.E.O.C. v. Continental Oil Co.,* 548 F.2d 884 (10th Cir.1977)). Although not a statute, the Rules were promulgated by the Supreme Court pursuant to authority granted by Congress under 28 U.S.C. § 2075, and have the force of law. *In re Brooks Fashion Stores, Inc.,* 124 B.R. 436, 440 (Bankr.S.D.N.Y.1991). This Court harmonizes Code § 502 with Fed.R.Bankr.P. 3002 thereby avoiding any supposed conflict while at the same time effectuating the terms of both.

This Court also disagrees with the finding in *Hausladen* that "allowing tardily filed claims does not conflict with any other section of the Code, the legislative history of section 502 or for that matter with any important state or federal interest." *In re Hausladen, supra,* 146 B.R. at 560 (footnote omitted). On the contrary, the Rules complement the Code and provide the procedural framework for its application.[5] This Court has previously found that Fed. R.Bankr.P. 3002(c) functions as a claims bar to " 'provide the debtor and its creditors with finality' and to 'insure the swift distribution of the bankruptcy estate' ". *In re Nohle, supra,* 93 B.R. at 15 (quoting *In re Johnson,* 84 B.R. 492, 494 (Bankr. N.D.Ohio 1988), *aff'd,* 901 F.2d 513 (6th Cir.1990) and *In re Good News Publishers, Inc.,* 33 B.R. 125, 126 (M.D.Tenn.1983); other citations omitted). As stated by the Bankruptcy Court in *In re Duarte, supra,* 146 B.R. 958, "Rule 3002(c), with its strict deadlines and narrow exceptions, fosters [the] goals of prompt administration and even-handed treatment of creditors, and gives finality to the distributional process. It sets out a statute of limitations upon which both trustees who administer cases and creditors looking for distribution ... may rely." *Id.* at 961. In the instant case, allowing Erie's untimely proof of claim would unduly burden the administration of the estate since the Trustee has already commenced distribution under Debtors' operating Chapter 13 Plan. Moreover, if Erie's claim were allowed, other unsecured creditors whose claims were timely filed would be prejudiced in that they would receive less than their pro rata distribution as set forth under the Plan.

██ Additionally, Counsel for Erie contends that in mailing the proof of claim before the bar date had passed, it was his intent to timely file the proof of claim, but that due to a delay in the delivery of the

---

4. Even the *Hausladen* court acknowledges that a Chapter 13 plan could adversely affect a tardily filed claim to the extent of providing for a 0% distribution. *See In re Hausladen, supra,* 146 B.R. at 560. As a practical matter, however, requiring that tardy claims be allowed for purposes of such 0% treatment seems superfluous.

5. The Court acknowledges that in the event of an actual conflict between the provisions of the Code and those of the Rules, the Code prevails. *See* 28 U.S.C. § 2075; *In re (Phillip G.) Roberts,* 68 B.R. 1004, 1006 (Bankr.E.D.Mich.1987).

United States mail he failed to do so. Presumably, Erie contends that since the delay was the result of an external factor over which it lacked control, its claim should be allowed on the basis of excusable neglect. This argument, however, does not save Erie's claim as the excusable neglect provision under Fed.R.Bankr.P. 9006(b) does not apply to the time limit prescribed by Fed. R.Bankr.R. 3002(c).[6] *See* Fed.R.Bankr.P. 9006(b)(3).[7] While not raised by Erie, the Court also notes the inapplicability of Fed. Bankr.R. 9006(f) which provides an additional three days "after service by mail" to the filing of proofs of claims. *In re Nohle, supra,* 93 B.R. at 15 n. 2 (citations omitted); *In re Roberts, supra,* 98 B.R. at 669.

Based on the foregoing, Trustee's motion to expunge Erie's claim on the basis of untimely filing under Fed.R.Bankr.P. 3002(c) is granted.

IT IS SO ORDERED.

---

**6.** While not directly on point, the Court notes that the United States Supreme Court has recently accepted on certiorari *In re Pioneer Inv. Services Co.,* 943 F.2d 673 (6th Cir.1991) (a Chapter 11 case), *cert. granted,* —— U.S. ——, 112 S.Ct. 2963, 119 L.Ed.2d 585 (1992), which concerns the issue of what constitutes excusable neglect under Fed.R.Bankr.P. 9006(b) in the filing of a proof of claim.

**7.** That enlargement of the time to file proofs of claim under Fed.R.Bankr.P. 9006(b) is limited only to those situations provided in Fed. R.Bankr.P. 3002(c) is further indication that the time limit prescribed by the latter is to function as a statute of limitations barring the filing of late claims.