In re Robert Joseph BABBIN, Debtor.

Sally J. ZEMAN, Chapter
13 Trustee, Appellant,

v.

Robert Joseph BABBIN, Harlowe Alte Lindgren & Kathleen Mary Lindgren, Eden Anthony Duarte & Paula Rene Duarte, Cynthia Kay Miller, Meredith P. Ware, Co–Appellees.

Bankruptcy Nos. 89 B 09367 E, 90 B 04639 E, 91–18733 CEM, 90–18791 CEM and 92–12502 CEM.

Civ. A. No. 93–Z–1365.

United States District Court,
D. Colorado.

Oct. 28, 1993.

Sally H. Zeman, Chapter 13 Trustee, pro se.

Maria J. Murray, Lowery and Lowery, P.C., Denver, CO, for GMAC, creditor for Harlowe Alte Lindgren and Kathleen Mary Lindgren.

Loretta A. Burnett Garin, Colorado Springs, CO, for Robert Joseph Babbin and Cynthia Kay Miller.

## MEMORANDUM OPINION AND ORDER

WEINSHIENK, District Judge.

The matter before the Court is an appeal of an order entered by Chief Judge Charles E. Matheson of the Bankruptcy Court for this District. The appeal consists of five cases concerning distribution of bankruptcy estate funds to creditors as provided by a confirmed Chapter 13 plan. In each case, no proof of claim was filed by either the creditor within 90 days of the meeting of creditors or by the debtor or Trustee within the next 30 days. The Trustee appeals the Bankruptcy Court's interpretation of the Bankruptcy Code and Bankruptcy Rules; therefore the standard of review is *de novo*. *See First Bank of Colorado Springs v. Mullet,* 817 F.2d 677 (10th Cir.1987); *In re Blehm Land and Cattle Co.,* 71 B.R. 818, 822 (D.Colo. 1987).

Judge Matheson held that: (1) tardiness, by itself does not mandate disallowance of untimely proof of claim; (2) neither Bankruptcy Code nor the Bankruptcy Rules require the filing of a proof of claim for a secured claim; (3) filing a proof of claim was not a prerequisite to the allowance of secured claims provided for in a Chapter 13 plan; and (4) a Chapter 13 plan could be treated as an informal proof of claim. *In re Babbin,* 156 B.R. 838 (Bankr.D.Colo.1993). Several Colorado bankruptcy judges have addressed similar issues, and the rulings have been inconsistent. *See In re Judkins,* 151 B.R. 553 (Bankr.D.Colo.1993); *In re Bohannon,* No. 19, 93–13343 RJB, 1993 WL 542859 (Bankr.D.Colo. Aug. 5, 1993); *In re Edwards,* Case No. 91–10017 DEC, 1993 WL 548159 (Bankr.D.Colo. April 30, 1993); *In re Lahman,* Case No. 92–17907 DEC, 1993 WL 556750 (Bankr.D.Colo. July 12, 1993); and

the consolidated cases of *In re Rome,* Case No. 90 B 00353 A, *In re Woodcock & Locust,* Case No. 90–19354 SBB, *In re Narayo,* Case No. 90 B 02802, and *In re Steadman,* Case No. 92–21864 SBB, 1993 WL 554032 (Bankr. D.Colo. August 12, 1993).

The Court has examined the briefs and the applicable case law, heard the arguments and statements of counsel and made oral conclusions of law which are incorporated herein by reference as if fully set forth. For clarity, this Memorandum will briefly outline the legal authorities on which the Court relies.

The issue underlying all aspects of this appeal is whether the late filing of a proof of claim is in and of itself a basis for disallowance of a claim. In determining this issue, Judge Matheson relied heavily on the exclusive provisions for disallowance in 11 U.S.C. § 502, and the rational of *In re Hausladen,* 146 B.R. 557 (Bankr.D.Minn.1992) (en banc). This Court has recently declined to follow the *Hausladen* ruling, and instead adopted the rationale of *In re Zimmerman,* 156 B.R. 192 (Bankr.W.D.Mich.1993) (en banc). *See United States of America v. Evans,* Order Dismissing Appeal, Case No. 93–Z–1021 (D.Colo. Sept. 23, 1993). Judge Matheson did not have the benefit of the *Zimmerman* analysis when he issued the Order now on appeal, since the *Zimmerman* case had not yet been decided. Therefore, a remand for reconsideration in view of *Zimmerman* is appropriate. However, since the disallowance of tardy claims was not the only issue raised in the appeal, the Court will also make additional conclusions of law to guide the Bankruptcy Court.

Neither the Code nor the Rules mandate that a secured creditor file a proof of claim. Indeed, the Advisory Committee Note to Rule 3002(a) states that, "A secured claim need not be filed or allowed under § 502 or § 506(d) unless a party in interest has requested a determination and allowance or disallowance under § 502." Furthermore, the Court agrees with Judge Matheson that a Chapter 13 Trustee is bound to distribute funds to secured creditors in accordance with the confirmed plan. *See* 11 U.S.C. §§ 1326 and 1327.

However, while a proof of claim need not be filed for a secured claim, Rule 3002(a) and (c) require that a creditor holding an unsecured claim must file a proof of claim and must file it within 90 days after the first day set for the meeting of creditors. The Court of Appeals for the Tenth Circuit recently cited Rule 3002(a) with approval, stating that "[a]n unsecured creditor generally must file a proof of claim for the claim to be allowed." *In re Harrison,* 987 F.2d 677, 680 (10th Cir.1993).

The Bankruptcy Court applied the informal proof of claim doctrine to several claims, and held that under this doctrine the Chapter 13 plan created allowed claims. Although the Court of Appeals for the Tenth Circuit has adopted this doctrine, *see In re Reliance Equities, Inc.,* 966 F.2d 1338, 1345 (10th Cir.1992), it has applied the five part test from *In re Bowers,* 104 B.R. 362, 364 (Bankr. D.Colo.1989):

1. the proof of claim must be in writing;

2. the writing must contain a demand by the creditor on the debtor's estate;

3. the writing must express an interest to hold the debtor liable for the debt;

4. the proof of claim must be filed with the Bankruptcy Court; and

5. based on the facts of the case, it would be equitable to allow the amendment.

The critical element of this test in this case is the second, which requires that the writing be a demand by the creditor on the debtor's estate. Only a debtor may file a Chapter 13 Plan. 11 U.S.C. § 1321. Because a Chapter 13 plan does not include a demand by a creditor, it cannot serve as an informal proof of claim for an unsecured claim for which no proof of claim was timely filed. *See In re Reliance Equities,* 966 F.2d at 1345. Since a secured creditor does not need to file a proof of claim at all, the informal proof of claim doctrine is inapplicable to a secured claim.

Therefore, it is ORDERED that the Order of the Bankruptcy Court is reversed in part, and the case is remanded to the Bankruptcy Court for further proceedings in accordance with this opinion.