**In re Danny Dale CROMER, Betsy Cromer, Debtors.**

**Bankruptcy No. 93–10992.**

United States Bankruptcy Court, N.D. New York.

Nov. 17, 1994.

O'Connor & O'Connor, Edward Ryan, Albany, NY (Michael O'Connor, of counsel), for Trustee.

Solomon and Solomon, P.C., Albany, NY (Douglas Fisher, of counsel), for Beneficial Homeowners Services Corp.

Robert Littlefield, Chapter 13 Trustee, Albany, NY.

## MEMORANDUM-DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Chief Judge.

The Court considers herein motions by Danny Dale Cromer and Betsy Cromer ("Debtors") and Robert E. Littlefield, Esq., Chapter 13 Trustee ("Trustee") which seek an order expunging a proof of claim filed by Beneficial Homeowners Services Corporation ("Beneficial"). Also before the Court is Beneficial's cross-motion seeking an order permitting it to file a late claim and compelling the amendment of Debtors' Chapter 13 Plan.

The motions were heard by the Court in Utica, New York on June 2, 1994. The Court did not require additional memoranda of law and the matter was submitted as of the date of oral argument.

### JURISDICTIONAL STATEMENT

The Court has core jurisdiction of this contested matter pursuant to 28 U.S.C.

§§ 1334(b) and 157(a)(b)(1) and (2)(B), (L) and (O).

### FACTS

Debtors filed a voluntary petition pursuant to Chapter 13 of the United States Bankruptcy Code (11 U.S.C. §§ 101–1330) ("Code") on March 12, 1993. In accordance with Federal Rule of Bankruptcy Procedure ("Fed. R.Bankr.P.") 3002(c), August 25, 1993 was fixed as the date by which creditors were required to file proofs of claim.

At the time of the filing of Debtors' petition, Beneficial was an alleged secured creditor holding a second mortgage on real property of the Debtors located at 907 Bradt Street, Schenectady, New York. Beneficial did not file a proof of claim on or before August 25, 1993. Subsequent to Debtors' filing of their Chapter 13 petition, the automatic stay imposed pursuant to Code § 362(a) was lifted pursuant to an Order of the Court dated January 11, 1994, to allow the holder of the first mortgage, Midlantic Home Mortgage Corporation ("Midlantic"), which had previously been granted a judgment of foreclosure entered in December, 1992, in New York State Supreme Court, to complete its foreclosure of the Schenectady property. As a result of the foreclosure sale which occurred on or about March 14, 1994, there were no surplus monies available to be applied to the second mortgage of Beneficial.[1] Thus, on April 22, 1994, Beneficial filed a proof of claim as an unsecured creditor in the sum of $19,972.50.

Debtors' Chapter 13 Plan, which was confirmed by Order of this Court dated June 9, 1993, provided for a distribution to unsecured creditors of 100% of their claims. The Debtors had not completed the payments required pursuant to the Plan at the time the instant motions were filed.

### ARGUMENTS

Both the Debtors and the Trustee argue simply that because Beneficial's proof of claim was filed some eight months after Au-gust 25, 1993, the so-called "bar date", it cannot be allowed.

Beneficial asserts that as a secured creditor it did not have to file a proof of claim initially, but that upon learning that its second mortgage was fully unsecured by virtue of the foreclosure of the first mortgage encumbering the Debtors' real property, it promptly filed an unsecured proof of claim for its deficiency.

It argues further that various sections of the Code allow for the filing of late claims and to the extent Fed.R.Bankr.P. 3002(c) is in conflict, it is null and void.

Finally, Beneficial contends that Debtors' Plan provided for payment of 100% to unsecured creditors, that Debtors had only one creditor being paid "inside" the Plan at the time the Plan was confirmed, that being a claim for mortgage arrears on the first mortgage. Those arrears have now been paid in full and Beneficial estimates that if Debtors complete the payments pursuant to the Plan, it will receive between 50% and 80% of its unsecured claim and thus the Plan requires modification pursuant to Code § 1329(a) to adjust the percentage dividend to unsecured creditors from 100% to the estimated 50% to 80%.

### DISCUSSION

This contested matter presents the Court with issues bearing some similarity to those which it previously considered in its decision in *In re Bailey*, 151 B.R. 28 (Bankr.N.D.N.Y. 1993). However, there are significant factual dissimilarities between *Bailey* and the matter *sub judice*. The most significant of those dissimilarities is the fact that in *Bailey*, the late filing creditor was at all times unsecured. In this case Beneficial was, at least "on paper", a secured creditor at the inception of the Chapter 13 case.

■ Fed.R.Bankr.P. 3002(c) which requires the filing of a proof of claim in a Chapter 13 case does not by its terms include the holder of a secured claim. *See* Fed. R.Bankr.P. 3002(a). Thus, it appears that

---

**1.** By Order dated February 7, 1994, the Court also granted relief from the stay to Beneficial as

to the Schenectady property.

had Beneficial's status as a secured creditor remained unchanged, there would have been no requirement for Beneficial to have filed *any* proof of claim. *See In re Maylin,* 155 B.R. 605, 611 (Bankr.D.Me.1993), *In re Babbin,* 160 B.R. 848, 849 (D.Colo.1993) and *In re Wells,* 125 B.R. 297, 300 (Bankr.D.Colo. 1991). Equally significant is the acknowledgement that the failure of a secured creditor to file a proof of claim pursuant to Fed. R.Bankr.P. 3002(a) leaves unaffected the lien of that secured creditor. *Matter of Tarnow,* 749 F.2d 464, 465 (7th Cir.1984).

■ In the case *sub judice,* it is clear that the Debtors acknowledge in their Chapter 13 Plan filed March 12, 1993, that "The second mortgage (Beneficial) which is current will be reaffirmed and paid outside of plan". Likewise, the Confirmation Order dated June 9, 1993 provided in paragraph III F) that Beneficial was indeed a secured creditor with the right to seek *ex parte* relief from the stay imposed pursuant to Code § 362(a) upon certain conditions occurring.

Beneficial posits that the recent decision of the United States Court of Appeals for the Second Circuit in *In re Vecchio,* 20 F.3d 555 (2nd Cir.1994) clearly establishes precedent in this Circuit, invalidating Fed.R.Bankr.P. 3002(c) to the extent that the Rule provides that late filed claims in both Chapter 7 and Chapter 13 cases must be disallowed. Beneficial argues that while *Vecchio* dealt with late filed claims in a Chapter 7 case, the unequivocal holding of the Second Circuit that Rule 3002(c) must yield in light of Code §§ 501, 502 and 726, applies with equal force in Chapter 13. Finally, Beneficial contends that to the extent it is inconsistent with *Vecchio* this Court's decision in *Bailey* has been overruled.

This Court does not believe that it is necessary to reconsider its decision in *Bailey* in light of the Second Circuit's conclusion in *Vecchio* since it reaches the conclusion herein that Beneficial's late proof of claim must be allowed.[2]

Debtors' Chapter 13 Petition and Schedules listed the value of their real property at $70,000. Additionally, it listed the first mortgage due Midlantic with a balance of approximately $46,000 and the second mortgage due Beneficial with a balance of $20,000. Debtors' Chapter 13 Plan provided that the first and second mortgages would be reaffirmed and paid outside the Plan. Clearly at the inception of the case, Beneficial, as an apparently fully secured creditor whose claim was being provided for by the Plan, had no requirement or reason to believe that it was required to file a proof of claim. *Babbin, supra,* 160 B.R. at 849.

In December 1993, however, Midlantic moved for relief from the stay alleging that Debtors had ceased making mortgage payments. On January 11, 1994, the Court granted Midlantic's motion. Likewise, on January 18, 1994, Beneficial also moved for relief from the stay and that motion was granted by Order dated February 7, 1994. It is alleged by Beneficial and not disputed that on or about March 14, 1994, a state court foreclosure of the Midlantic mortgage occurred and Beneficial became aware that its mortgage was completely unsecured. Thus, on April 22, 1994 Beneficial promptly filed its proof of claim as an unsecured creditor.

This is clearly not the factual scenario found in *Bailey.* This is not a case where the unsecured creditor simply fails to timely file its unsecured claim. Here Beneficial, allegedly as a secured creditor, had no duty to initially file a proof of claim. Furthermore, it had no reason to believe that its secured claim was "under water" and that it would be necessary to file a proof of claim. It was not until some seven or eight months after the bar date for filing claims had come and gone that it became aware that its status had changed. *See In re Lundy,* 110 B.R. 300, 303 (Bankr.N.D.Ohio 1990).

---

2. It should be noted that while not applicable to this case, the Bankruptcy Reform Act of 1994 (H.R. 5116) at § 213(a), amends Code § 502(b) to add lack of timely filing to the list of grounds upon which a proof of claim will be disallowed,

thus, effectively overruling *In re Hausladen,* 146 B.R. 557 (Bankr.D.Minn.1992) and its progeny and to the extent that it relied upon *Hausladen,* seriously undermining the rationale in *Vecchio supra.*

**4**

■ Code § 1327(a) mandates that the provisions of a confirmed plan bind both the *debtor* and each creditor. According to the terms of the Plan, the Debtors were to reaffirm the debt owed to Beneficial and make payment outside the Plan. In light of the fact that the Debtors are bound by the provisions of the Plan to make payment to Beneficial and the fact that Beneficial, prior to the foreclosure sale, had no reason to object to said treatment, the Court concludes that the equities favor permitting Beneficial to file a late proof of claim.[3] The fact that Beneficial is the only remaining creditor of these Debtors and payment of its claim at this juncture will prejudice no one serves as additional support for this conclusion. The primary rationale in those cases which have criticized the conclusions reached in *In re Hausladen*, 146 B.R. 557 (Bankr.D.Minn.1992) for not permitting the late filing of a proof of claim in a Chapter 13, to wit, prejudice to timely filed claims post-confirmation, does not exist here.

■ Thus, this Court reaches the conclusion under the specific facts presented in this contested matter that the motions of the Chapter 13 Trustee and the Debtors are denied, while the cross-motion of Beneficial is granted and Debtors' Plan is modified insofar as it purports to pay unsecured creditors 100%, said percentage being modified to the extent that the balance of payments due under the Plan shall be paid to Beneficial.

IT IS SO ORDERED.

---

**3.** It is noted that Fed.R.Bankr.P. 3002(c)(3) purports to deal with a factual scenario similar to that which occurred herein, however, it is difficult to conclude that that Rule is dispositive since it is not clear when the "judgment became final", as applied to the Midlantic mortgage foreclosure and sale, which effectively converted Beneficial's status from ostensibly secured to wholly unsecured.