In re William NICHOLS and Gwendolyn Nichols, Debtors.

Bankruptcy No. 280–00101.

United States Bankruptcy Court, M.D. Tennessee.

Dec. 22, 1983.

Rebecca Lyford, Nashville, Tenn., for debtors.

David Lufkin, Knoxville, Tenn., for Oxford Industries.

## MEMORANDUM

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on the debtors' objection to an unsecured claim filed by Oxford Industries in the amount of $555.98. Upon consideration of the evidence presented at the hearing, stipulations, exhibits and the entire record, this court concludes that the debtors' objection should be sustained.

The following shall represent findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

The facts concerning the debtors' objection are undisputed by the parties. The debtors William and Gwendolyn Nichols filed a Chapter 13 wage earner petition in this court on January 14, 1980. The debtors listed in their schedules an unsecured claim for $559.88 in the name of the creditor Cos Cob, c/o Zwick Law Office. The creditor Oxford Industries is the same entity as Cos Cob and, therefore, had notice of the debtors' bankruptcy petition.

This court subsequently mailed a notice and order to all creditors setting the debtors' meeting of creditors on February 20, 1980, and informing all creditors that claims which were not filed within six months after the date set for the meeting of creditors would not be allowed, except as otherwise provided by law. See Fed.R.Bankr.P. 13–302(e)(2) (superseded August 1, 1983).

No representative for Oxford Industries appeared at the meeting of creditors, and the debtors' Chapter 13 plan was confirmed on June 25, 1980. The plan provided that unsecured creditors would receive 100% payment of their claims.

■ The records of this court do not reflect that a proof of claim was timely filed by Oxford Industries. In order for the claim to be properly filed, it must appear in the files of the bankruptcy court. *Levine v. First National Bank (In the Matter of Evanston Motor Co.)*, 26 B.R. 998, 1004 (N.D. Ill.1983). The attorney for the creditor nevertheless asserts that he sent the proof of claim by mail to the bankruptcy court clerk's office on June 13, 1980, before the expiration of the six month time limitation.

■ Although the court sympathizes with the creditor's predicament, this court must necessarily rely on the court files in order to determine whether a proof of claim was properly filed. The court has neither the time nor the resources to search out creditors and insure that their proofs of claim are timely filed. Assuming that the attorney for the creditor in this case did mail the proof of claim within the six month time limitation, he could have easily determined whether this claim was actually received by either contacting the court or enclosing a stamped, self-addressed envelope in his letter and requesting the court to return a docketed copy of the claim upon receipt. The attorney, however, failed to take these precautionary measures.

■ Because the creditor's proof of claim was not received by this court within the six month deadline for filing such claims, the court will enter an order denying the creditor's claim as untimely. *See In re Good News Publishers, Inc.*, 33 B.R. 125, 126

(M.D.Tenn.1983); *In re Sems Music Co.,* 24 B.R. 376, 379–381 (Bkrtcy.M.D.Tenn.1982).

IT IS, THEREFORE, SO ORDERED.