**In re Alton Wade SULLINS, Debtor.**

**Bankruptcy No. 92–01144.**

United States Bankruptcy Court,
M.D. Tennessee.

Oct. 1, 1993.

David E. Phillips, Nashville, TN, for debtor.

Henry E. Hildebrand, Chapter 13 Trustee, Nashville, TN.

### *MEMORANDUM*

GEORGE C. PAINE, II, Chief Judge.

This matter is before the Court on Debtor's objection to the Chapter 13 trustee's motion to allow the late filed, unsecured claim of Mr. Thomas Squires. Debtor's objection raises the issue whether failure of a creditor to file a proof of claim within the time limitation of Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3002(c) is grounds to disallow the claim. Upon consideration of the relevant authorities, the Court overrules Debtor's objection, and concludes that tardy filing of a proof of claim in a Chapter 13 case is not, standing alone, grounds to disallow a claim. Squires' claim is therefore allowed. The following constitutes findings of fact and conclusions of law. Fed.R.Bankr.P. 7052.

### *JURISDICTION*

The Court has jurisdiction over the parties and the subject matter of this contested matter pursuant to 28 U.S.C. § 1334(b) and 11 U.S.C. §§ 501 & 502. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## FACTS

The relevant facts are not in dispute. Debtor, Alton Wade Sullins, filed a petition for relief under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 101–1330 (Clark Boardman Callaghan 1992), on February 6, 1992. Debtor listed Mr. Squires on "Schedule F" of his petition as an unsecured creditor with a claim of $2,800.

On February 13, 1992, an Order and Notice of Meeting of Creditors was issued by the clerk of the Court to all parties included on Debtor's creditor matrix. That Order set the Section 341, 11 U.S.C. § 341, meeting of creditors for March 10, 1992. Paragraph three of that Order and Notice provided, in relevant part:

> In order to have a claim allowed and participate in the distribution of any dividend, a creditor must file a claim in duplicate. Claims which are not filed by June 9, 1992 will not be allowed. . . .

Debtor's Chapter 13 plan was confirmed on March 10, 1992. Under Debtor's plan unsecured creditors shall be paid one hundred percent of their allowed claims over the life of the plan.

As a scheduled creditor, Squires was given notice of the Court's Order and Notice regarding the meeting of creditors and the *final* date for filing claims in the case. Squires does not contend that he did not receive notice in a timely manner that would have enabled him to file a proof of claim by the June 9, 1992 deadline. Notwithstanding receipt of notice, Squires did not file his proof of claim until October 28, 1992—four and one half months after the date set in the February 13, 1992 Order.

On November 3, 1992 the Chapter 13 trustee filed a motion with order to allow the late filed claim of Squires. That Order, entered by the Court on November 4, 1992, provided that Squires' claim would be allowed unless Debtor filed a written application to modify the Order within ten days. The Order was served by mail on November 4, 1992. Therefore, the Debtor had until November 17, 1992, *See* Fed.R.Bankr.P. 9006(f), to make application to the Court to modify the Order. On November 20, 1992, Debtor filed a "Notice of Proposed Action/Objection to Claim" in apparent response to the Chapter 13 trustee's motion.[1]

## ARGUMENTS

Debtor contends, pursuant to Bankruptcy Rule 3002(c), that the date set in the Notice to creditors of the last day to file claims constitutes a statutory bar date. Because Squires did not file his claim within that period, Debtor concludes that Squires' claim must be disallowed or "expunged." Debtor declares no other ground for disallowance of "expungement" of Squires' claim.

■ Squires contends this matter is moot because Debtor failed to seek modification of the Court's November 3, 1992 Order within ten days, as set forth in the Order—Debtor filed his response three days *late*. The Court declines to accept Mr. Squires' invitation to decide this matter on that procedural ground. The Court has discretion to entertain late filed pleadings such as Debtor's in this case. Moreover, assuming the November 3, 1992, Order became a final appealable order on November 17, 1992, a motion for reconsideration still would have been an available avenue of recourse for the Debtor. Given the importance of this issue to debtors and Chapter 13 trustees in particular, the Court would have entertained such a motion. Accordingly, the Court will proceed on the merits.

## DISCUSSION

■ Although not precisely framed by the parties, the issue before the Court is whether a proof of claim filed in a Chapter 13 case after the ninety (90) day deadline set by Bankruptcy Rule 3002(c) may be allowed for distribution purposes. In other words, whether timeliness in filing a proof of claim is a condition precedent for the allowance of a claim in a Chapter 13 case.

---

1. Debtor's objection is so prefaced because it was styled as an objection to a claim pursuant to Local Rule of Bankruptcy Procedure 1.4, which provides a thirty (30) day negative notice procedure for claims objections. The Court took Debtor's objection to be an application to modify the Order of 3 November.

Bankruptcy Rule 3002(c) provides that in a Chapter 7, Chapter 12, or Chapter 13 case, "a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to section 341 of the Code...." Fed.R.Bankr.P. 3002(c). Bankruptcy Rule 9006, in turn, purports to prohibit the court from extending that deadline except as provided in Bankruptcy Rule 3002(c). The exceptions delineated in Bankruptcy Rule 3002(c) are narrow, and do not apply to the facts of this case.

Many courts, including this one, previously have interpreted Bankruptcy Rules 3002(c) and 9006(b) to require disallowance of tardily filed proofs of claims, solely on the ground of lateness. *See In re Duarte,* 146 B.R. 958 (Bankr.W.D.Tex.1992); *In re Glow,* 111 B.R. 209 (Bankr.N.D.Ind.1990); *see also In re Hausladen,* 146 B.R. 557, 561 n. 6 (Bankr. D.Minn.1992) (citing cases).

Over a decade ago, in *In re Nichols,* 36 B.R. 600 (Bankr.M.D.Tenn.1983), this Court disallowed a creditor's claim on the ground that the creditor did not file a proof of claim within the six month deadline of then rule 13–302(e) of the Rules of Bankruptcy Procedure ("old Rule(s)"), predecessors to the Bankruptcy Rules.[2] *Nichols* followed *In re Good News Pubs., Inc.,* 33 B.R. 125, 126 (M.D.Tenn.1983) (Chapter 7 case applying old Rule 302(e)), which in turn had followed the earlier decision of this Court in *In re Sems Music Co.,* 24 B.R. 376, 379–81 (Bankr. M.D.Tenn.1982) (Bankruptcy Act case applying old Rule 302(e)). Recent developments in this area question the applicability of the *Sems Music* analysis under the Bankruptcy Code. The importance of this issue to administration of Chapter 13 cases prompts the Court to reconsider its decision in *Nichols.*

Old Rule 302(e) (and 13–302(e)) provided that claims not filed within the six month

**2.** Amendment of the procedural rules did not coincide with the enactment of the Bankruptcy Code. Rather, the procedural rules in effect under the Bankruptcy Act of 1898, as amended, remained in effect, to the extent not inconsistent with the Bankruptcy Code, until July 31, 1983, when the Federal Rules of Bankruptcy Procedure became effective. *See In re Zimmerman,* 156 B.R. 192, 195 (Bankr.W.D.Mich.1993) *(en banc ).*

**3.** Section 57n of the Bankruptcy Act provided:

limitation period were not allowed. As discussed at length by the court in *In re Hausladen* 146 B.R. 557 (Bankr.D.Minn.1992) *(en banc )*, the old Rule simply paralleled Section 57n of the Bankruptcy Act, which old Rule 13–302 was intended to implement. Section 57n of the Bankruptcy Act specifically provided that late filed claims were disallowed. 11 U.S.C. § 93n (West 1976) (repealed).[3] By comparison, there is no analogous provision in the Bankruptcy Code. Section 502 of the Bankruptcy Code—the statutory provision most concerned with claims allowance and disallowance—states "... the court ... shall allow ... claim[s] except ..." if they fall within any of the eight enumerated and specific grounds for disallowance. 11 U.S.C. § 502(b). The plain language of the statute led the court in *Hausladen* to conclude that "[t]he words are clear; 'lateness is not a ground for disallowance under section 502 of the Code.'" *In re Hausladen,* 146 B.R. at 559 *(quoting In re Horner,* 1991 WL 353297 (Bankr.N.D.Ill. Sept. 21, 1991)); *see also* Keith M. Lundin, CHAPTER 13 BANKRUPTCY, § 7.24 at 7–56, 7–57 (1993) ("Section 502 of the Code ... nowhere imposes 'disallowance' as a consequence of tardy filing in a Chapter 13 case.").

Indeed, the Bankruptcy Code contemplates the filing of late claims. *See United States v. Cardinal Mine Supply, Inc.,* 916 F.2d 1087, 1089 (6th Cir.1990) (late filed priority claim may not be disallowed solely on the ground that it was not timely filed). Because the Bankruptcy Code does not make the timely filing of a proof claim a condition precedent to allowance, the *Hausladen* court concluded that whether a claim is timely filed under Bankruptcy Rule 3002(c) affects treatment of the claim, rather than allowance or disallowance. Commented the court:

> Except as otherwise provided in this Act, all claims provable under this Act, including all claims of the United States ..., shall be proved and filed in the manner provided in this section. *Claims which are not filed within six months after the first date set for the first meeting of creditors shall not be allowed....*

11 U.S.C. § 93n (West 1976) (repealed) (emphasis added).

The plan may treat these claims in several different ways. The plan may provide that tardily filed claims be paid after timely filed claims are paid in full or for no payment at all. The plan may provide for identical treatment for all allowed unsecured claims, regardless of timeliness or for payment at a different percentage than timely filed claims.

*In re Hausladen,* 146 B.R. at 560; *see also* 11 U.S.C. § 1322(b)(10) (a Chapter 13 plan may include any other provision not inconsistent with the Bankruptcy Code). This distinction is consistent with the treatment of late filed claims elsewhere in the Bankruptcy Code. *See* 11 U.S.C. § 726(a).

This Court is persuaded by the reasoning of the Minnesota panel in *Hausladen* that a tardily filed claim is not, *per se,* a disallowed claim in the context of a Chapter 13 case. Other courts have been similarly persuaded. *See In re Babbin,* 156 B.R. 838 (Bankr. D.Colo.1993) (following *Hausladen* in context of Chapter 13); *General Motors Acceptance Corp. v. Judkins (In re Judkins),* 151 B.R. 553 (Bankr.D.Colo.1993) (accord); *In re Rago,* 149 B.R. 882 (Bankr.N.D.Ill.1992) (accord in the context of Chapter 7); *Lastra v. Blood Servs. Program of the Am. Red Cross (In re Corporacion de Servicios Medico),* 149 B.R. 746 (Bankr.D.P.R.1993) (accord in the context of Chapter 7).[4]

This Court is sensitive to the policy considerations that underlie many of the criticisms of *Hausladen.* *See In re Zimmerman,* 156 B.R. at 199. The need for finality, and swift and certain distribution in Chapter 13 cases cannot be understated. However, those ends can, and must, be achieved through Chapter 13 plan provisions.

In the instant case the Debtor's Chapter 13 plan is silent as to treatment of late filed, unsecured claims. Because the Debtor has set forth no other ground for disallowance of Squires' claim, the Chapter 13 trustee's motion is granted.

It is, THEREFORE, so ordered.

---

4. *Hausladen* has generated criticism as well. *See In re Turner,* 157 B.R. 904 (Bankr.N.D.Ala.1993) (declining to follow *Hausladen* ); *In re Johnson,* 156 B.R. 557 (Bankr.N.D.Ill.1993) (accord); *In re Zimmerman,* 156 B.R. 192 (Bankr.W.D.Mich. 1993) (*en banc* ) (accord); *In re Bailey,* 151 B.R. 28 (Bankr.N.D.N.Y.1993) (accord); *In re Stoecker,* 151 B.R. 989 (Bankr.N.D.Ill.1993) (accord in the context of Chapter 7).