**In the Matter of Steven ANDREW, Debtor.**

**Bankruptcy No. 92–53464.**

United States Bankruptcy Court, M.D. Georgia, Macon Division.

Dec. 29, 1993.

47

Judson H. Hill, Asst. U.S. Atty., Macon, GA, for I.R.S.

George O. Haskell, III, Macon, GA, for debtor.

Camille Hope, Macon, GA, Chapter 13 Trustee.

### MEMORANDUM OPINION

ROBERT F. HERSHNER, Jr., Chief Judge.

Camille Hope, Standing Chapter 13 Trustee, filed an Objection to Claim on June 4, 1993. The Internal Revenue Service ("IRS")[1] filed a response on August 4, 1993. A hearing was held on September 9, 1993. The Court, having considered the record and the briefs of counsel, now publishes this memorandum opinion.

Steven Andrew, Debtor, filed a petition under Chapter 13 of the Bankruptcy Code on November 6, 1992. He scheduled, as an unsecured priority debt, an income tax liability for the 1991 tax year in the amount of $106. The bar date for filing a proof of claim in Debtor's bankruptcy case was March 8, 1993.

The IRS timely filed a proof of claim for 1991 taxes in the amount of $1,500. The claim was an estimate of Debtor's tax liabili-

ty. The IRS later determined that Debtor's 1991 tax liability was $1,142 and that his 1990 tax liability was $1,056.92. On May 26, 1993, the IRS filed an amended proof of claim, reflecting its claim for the 1990 and the 1991 tax years plus certain prepetition interest. Trustee filed an objection to the portion of the amended proof of claim that sought to add the 1990 taxes. Trustee contends this portion of the claim was not timely filed and should be disallowed. Trustee does not object to the IRS's claim for the 1991 taxes.

■ The IRS contends that its claim for 1990 taxes, "while 'untimely' should nevertheless not be disallowed because it was filed 'untimely.'" The IRS relies on *In re Hausladen*,[2] an en banc decision by the Bankruptcy Court of Minnesota. In *In re Hausladen*, the issue was "whether a claim filed in a Chapter 13 case after the 90–day deadline set by Rule 3002(c) of the Federal Rules of Bankruptcy Procedure should be disallowed?"[3] The court held that an untimely filed claim must be allowed but may be classified for treatment under the Chapter 13 plan. The court stated:

Section 501 is our starting point. Simply, section 501 tells us who can file a claim; it does not set out the time limits for filing. Legislative history tells us that "[t]he Rules of Bankruptcy Procedure will set the time limits, the form, and the procedure for filing, *which will determine whether claims are timely or tardily filed.*" H.R.Rep. No. 595, 95th Cong., 1st Sess., 351 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 61 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5847, 6307 (emphasis added).... Read together, Rules 3002(a) and 3002(c) do not explicitly say but imply that filing [within] the prescribed period is a prerequisite to allowance. This erroneous reading arose when the drafters of the new Rule 3002 hastefully copied the substance of *old* Rule 302 without paying any attention to the major change in the underlying statute. Under the Bankruptcy Act, late claims were explicitly disallowed. Section 57(n) of the

1. The IRS was represented by the United States Attorney.

2. 146 B.R. 557 (Bankr.D.Minn.1992).

3. *Id.* at 558.

Act provided that … "[c]laims which are not filed within six months after the first date set for the first meeting of creditors *shall not be allowed* …" 11 U.S.C. § 93(n) (repealed Oct. 1, 1979) (emphasis added). The old Bankruptcy Rule implemented this time bar. However, a time bar does not expressly exist under the Code or Rules.

All of this has been compounded by attorneys, judges and commentators who have carried forward the old Act habit of referring to the date set for filing claims as the "bar date." Under Section 57(n) of the Act it was a bar date; however under Section 502 of the Code it is not. Continued mischaracterization of the time period has led to reliance on the words themselves without actually understanding them or what the statute actually says.

146 B.R. at 558–59.

At least one court has agreed with the holding of *In re Hausladen. See General Motors Acceptance Corp. v. Judkins (In re Judkins* ), 151 B.R. 553, 555 (Bankr.D.Colo. 1993) (tardiness can be a basis for different treatment but not disallowance of a claim in Chapter 7 or 13.).

A number of courts have disagreed with the holding of *In re Hausladen. See In re Osborne,* 159 B.R. 570 (Bankr.C.D.Cal.1993); *In re Crooker,* 159 B.R. 790 (Bankr.E.D.Ky. 1993); *United States v. Messics (In re Messics* ), 159 B.R. 803 (Bankr.N.D.Ohio 1993); *In re Anderson,* 159 B.R. 830 (Bankr.N.D.Ill. 1993); *In re Turner,* 157 B.R. 904 (Bankr. N.D.Ala.1993); *In re Johnson,* 156 B.R. 557 (Bankr.N.D.Ill.1993); *In re Zimmerman,* 156 B.R. 192 (Bankr.W.D.Mich.1993); *In re Stoecker,* 151 B.R. 989 (Bankr.N.D.Ill.1992); *In re Bailey,* 151 B.R. 28 (Bankr.N.D.N.Y. 1993).

In *In re Zimmerman,* an en banc decision by the bankruptcy court for the Western District of Michigan, the court disagreed with *In re Hausladen* and stated:

Federal court rules are promulgated under the authority of an enabling statute. The enabling statute for the federal rules of bankruptcy procedure gives the United States Supreme Court the power to promulgate rules which do "not abridge, enlarge, or modify any substantive right." 28 U.S.C. § 2071. Often, the Supreme Court will appoint an advisory committee to draft the rules. These rules are presented to Congress for passive acceptance and take effect if Congress does not strike a rule within a set time period after presentment. *Id.* A similar procedure exists for the federal rules of civil procedure. *See* 28 U.S.C. § 2072. Court rules are strongly presumed to be within the guidelines of their enabling statute because they are drafted by the judges who must rule on their validity. *Hanna v. Plumer,* 380 U.S. 460, 471, 85 S.Ct. 1136, 1144, 85 S.Ct. 1136, 11, 14 L.Ed.2d 8 (1965). Moreover, the rules are presumed to reflect Congress's intent because Congress acquiesces to their acceptance. *Sibbach v. Wilson & Co.,* 312 U.S. 1, 14–15, 61 S.Ct. 422, 427, 85 L.Ed. 479 (1941).

156 B.R. at 196.

In *The Charter Co. v. Dioxin Claimants (In re The Charter Co.)*,[4] the Eleventh Circuit Court of Appeals stated:

Under chapter 11 of the Bankruptcy Code, certain claimants against an estate in bankruptcy must file proofs of claim in order to participate in a reorganization and obtain any monetary satisfaction. Bankruptcy Rule 3003(c). In order to ensure finality, Bankruptcy Rule 3003(c)(3) provides that "[t]he court shall fix … the time within which proofs of claim or interest may be filed." After passage of this time, referred to as the bar date, the claimant cannot participate in the reorganization unless he establishes sufficient grounds for the failure to file a proof of claim.

876 F.2d at 863.

In *ITT Commercial Finance Corp. v. Dilkes (In re Analytical Systems, Inc.)*,[5] the Eleventh Circuit Court of Appeals stated:

A proof of claim is a "written statement setting forth a creditor's claim[,]" Bankruptcy Rule 3001, which creditors must file

---

4. 876 F.2d 861 (11th Cir.1989).

5. 933 F.2d 939 (11th Cir.1991).

with the bankruptcy court in order for their claims to be allowed. 11 U.S.C. § 501, Bankruptcy Rule 3002.

933 F.2d at 941.

The filing of a proof of claim in a Chapter 13 case is governed by Bankruptcy Rule 3002.[6] Rule 3002(a) provides:

> Rule 3002. Filing Proof of Claim or Interest
>
> (a) Necessity for filing
>
> An unsecured creditor or an equity holder *must file* a proof of claim or interest in accordance with this rule *for the claim or interest to be allowed*, except as provided in Rules 1019(3), 3003, 3004 and 3005.

Fed.R.Bankr.P. 3002(a) (emphasis added).

The Court is persuaded that Rule 3002(a) clearly states that an unsecured creditor in a Chapter 13 case must file a proof of claim for the claim to be allowed. *See United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) (where the statute's language is clear "the sole function of the courts is to enforce it according to its terms").

The Court is persuaded that *In re Hausladen* was not correctly decided. It ignores the clear language of Rule 3002. The Court is persuaded that the IRS's untimely claim for 1990 taxes must be disallowed.

█ The IRS also contends that the Court should allow its untimely claim upon equitable considerations. The IRS relies upon *In re Miss Glamor Coat Co.,*[7] a case cited by the Eleventh Circuit Court of Appeals in *United States v. International Horizons, Inc. (In re International Horizons, Inc.*[8] In *In re Miss Glamor Coat Co.,* the court listed the following equitable factors:

> (1) Whether the debtors and creditors relied upon the Service's earlier proofs of claim or whether they had reason to know that subsequent proofs of claim would be filed pending the completion of an audit;

> (2) Whether other creditors would receive a windfall by the court's refusing to allow amendment;

> (3) Whether the Service intentionally or negligently delayed in filing its proof of claim stating the amount of corporate tax due;

> (4) The justification for failure of the Service to file for a timely extension to the bar date; and

> (5) Whether equity requires consideration of any other factors.

█ A creditor, of course, cannot bypass the requirement to file a timely proof of claim by relying on general principles of equity. *See generally In re Analytical Systems, Inc.,* 933 F.2d at 942 (citing *Maressa v. A.H. Robins Co., Inc.,* 839 F.2d 220, 221 (4th Cir.), *cert. denied,* 488 U.S. 826, 109 S.Ct. 76, 102 L.Ed.2d 53 (1988)). ("The clear Congressional intent to require filing of valid proofs of claims within the established time limits precludes any exceptions based on general equitable principles.").

The IRS contends that a computer code message did not appear on Debtor's account until after the expiration of the bar date. The IRS contends that its failure to file a timely proof of claim for 1990 taxes was not intentional. The IRS submits that the timely claim for 1991 taxes gave Debtor and creditors reason to believe that subsequent proofs of claim would be filed for other tax years.

"Separate [tax] years imply separate tax claims under Bankr.R. 7015." *In re Unroe,* 937 F.2d 346, 349 (7th Cir.1991).

The IRS failed to file a timely claim for 1990 taxes because of computer problems. There is no showing that Debtor was responsible for the IRS's failure. If the IRS needed additional time to examine Debtor's tax returns, it should have filed a motion to extend the time to file a proof of claim.[9]

An order in accordance with this memorandum opinion will be entered this date.

---

6. Fed.R.Bankr.P. 3002.

7. 80–2 U.S.T.C. ¶ 9737, 1980 WL 1668 (S.D.N.Y. Oct. 8, 1980).

8. 751 F.2d 1213 (11th Cir.1985).

9. *See* Fed.R.Bankr.P. 3002(c)(1).

### *ORDER*

In accordance with the memorandum opinion entered this date; it is

ORDERED that the "Objection to Claim" filed by Camille Hope, Standing Chapter 13 Trustee, on the 4th day of June, 1993, hereby is sustained; and it is further

ORDERED that the amended proof of claim filed by the Internal Revenue Service on the 26th day of May, 1993, hereby is disallowed insofar as it asserts a claim for 1990 taxes.

SO ORDERED.