**In re Connie L. GULLATT and Sandra K. Gullatt, Debtors.**

**Bankruptcy No. 93–01083–GP3–13.**

United States Bankruptcy Court, M.D. Tennessee.

Feb. 23, 1994.

James A. Flexer, Nashville, TN, for debtors.

Richard F. Clippard, Asst. U.S. Atty., Nashville, TN, for V.A.

Michael J. Passino, Passino & Minton, Nashville, TN, for Chapter 13 Trustees.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The question presented is whether a tardy claim is allowable in a Chapter 13 case. Late filing does not require disallowance. The following are findings of fact and conclusions of law. Fed.R.Bankr.P. 7052.

### I

Connie and Sandra Gullatt filed Chapter 13 on February 11, 1993. Pursuant to Bankruptcy Rule 3002(c),[1] timely proofs of claim were due before June 16, 1993. On August 16, 1993, the Veterans' Administration filed proof of an unsecured claim for $13,966.95. The debtors objected to allowance of the V.A.'s claim on the ground it was untimely.

### II

■ Chief Judge George C. Paine II of this District recently held that a claim in a Chapter 13 case was not disallowed solely because proof was filed after the deadline fixed by Rule 3002(c). *In re Sullins*, 161 B.R. 957 (Bankr.M.D.Tenn.1993). This conclusion was based on the reasoning of *In re Hausladen*, 146 B.R. 557 (Bankr.D.Minn. 1992).[2] These debtors and the standing Chapter 13 trustees in this district urge departure from *Sullins* based on the reasoning

of *In re Zimmerman*, 156 B.R. 192, 197 (Bankr.W.D.Mich.1993), *In re Bailey*, 151 B.R. 28, 32 (Bankr.N.D.N.Y.1993), and other decisions contrary to *Hausladen*.[3]

At least five arguments from statutory interpretation support the outcome in *Sullins:*

1. No provision of the Bankruptcy Code disallows an untimely claim. Section 57n of the former Bankruptcy Act specifically disallowed late claims.[4] Section 502 of the Code mandates that "the court ... *shall allow* ... claim[s]" (emphasis added) unless an enumerated ground for disallowance applies. Late filing is not enumerated. The deletion of § 57n and the enactment of a different statutory scheme in § 502(b) signalled a change in the treatment of late-filed claims in bankruptcy cases under the Code.[5]

2. Sections 501(b) and (c) have vitality only if untimely filed claims are allowable. 11 U.S.C. § 501(a) states (permissibly) that "a creditor ... *may* file a proof of claim." (emphasis added). Section 501(b) and (c) permit the debtor, the trustee or a codebtor to file a proof of claim on behalf of a creditor, "if a creditor does not *timely* file a proof of such creditor's claim." This power of the debtor, the trustee or a codebtor to file an "untimely" proof of claim

1. Fed.R.Bankr.P. 3002(c) provides in part:

   In a ... chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days after the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, except as follows:....

2. The holding in *Hausladen* was followed in *In re Babbin*, 156 B.R. 838 (Bankr.D.Colo.), *rev'd*, 160 B.R. 848 (D.Colo.1993); *In re Edwards*, 162 B.R. 868 (Bankr.D.Colo.1993); *In re Judkins*, 151 B.R. 553 (Bankr.D.Colo.1993). *See also In re Oberlander*, No. 4–92–6279, 1994 WL 18601 (Bankr.D.Minn. Jan. 21, 1994) (Chapter 7 case); *In re Brenner*, 160 B.R. 302 (Bankr.E.D.Mich. 1993) (same); *In re McLaughlin*, 157 B.R. 873 (Bankr.N.D.Iowa 1993) (same); *In re Corporacion de Servicios Medico–Hospitalarios de Fajardo*, 149 B.R. 746 (Bankr.D.P.R.1993) (same); *In re Rago*, 149 B.R. 882 (Bankr.N.D.Ill.1992) (same).

3. *See In re Babbin*, 160 B.R. 848 (D.Colo.1993); *Matter of Andrew*, 162 B.R. 46 (Bankr.M.D.Ga. 1993); *In re Leightner*, 161 B.R. 60 (Bankr.D.Or. 1993); *In re Messics*, 159 B.R. 803 (Bankr.

N.D.Ohio 1993); *In re Crooker*, 159 B.R. 790 (Bankr.E.D.Ky.1993); *In re Osborne*, 159 B.R. 570 (Bankr.C.D.Cal.1993); *Matter of Keck*, 160 B.R. 112 (Bankr.N.D.Ind.1993); *In re Turner*, 157 B.R. 904 (Bankr.N.D.Ala.1993); *In re Rome*, 162 B.R. 872 (Bankr.D.Colo.1993); *In re Chavis*, 160 B.R. 804 (Bankr.S.D.Ohio 1993); *In re Stoiber*, 160 B.R. 307 (Bankr.N.D.Ohio 1993); *In re Johnson*, 156 B.R. 557 (Bankr.N.D.Ill.1993). *See also In re Stoecker*, 151 B.R. 989 (Bankr.N.D.Ill. 1992) (Chapter 7 case).

4. Section 57n stated that "[c]laims which are not filed within six months after the first date set for the meeting of creditors shall not be allowed ...." 11 U.S.C. § 93(n) (repealed Oct. 1, 1979).

5. The provision of § 57n of the former Act permitting the allowance of late-filed claims with respect to a surplus was also removed and not replaced. It is not likely that Congress intended to bar allowance of tardy claims with respect to a surplus after payment of all other allowed claims. More reasonably, there is no need for an "exception" for the allowance of tardy claims in a surplus because tardy claims are allowable under the Code.

is meaningless if all such claims are disallowed.

3. Section 506(d) makes sense only if disallowance is not the consequence of untimeliness. Section 506(d) voids liens that secure claims that are not "allowed secured claims." Section 506(d)(2) states an exception where a claim is not an allowed secured claim "due only to the failure of any entity to file a proof of such claim under § 501 of this title."

The failure of *any* entity to file a proof of claim under § 501 results in disallowance because the filing of a proof of claim is the predicate for allowance of all claims under §§ 501 and 502(a). If disallowance is also the consequence of *untimely* filing, then untimely filing is omitted as an exception to the voiding power in § 506(d) and a lien holder with no filed proof of claim is better off than a lien holder with a tardy proof of claim. It is not lightly to be inferred that Congress intended to allow a debtor or trustee to file an *untimely* proof of claim on behalf of a creditor, object to that untimely claim, then void the creditor's lien under § 506(d). More reasonably, untimeliness is not listed as an additional exception to the voiding power in § 506(d) because the untimely filing of a proof of claim does not disallow the claim.

4. Sections 726(a)(2)(C) and (3) have meaning only if a tardily-filed claim is allowed. The filing and allowance of claims in Chapter 7 and Chapter 13 cases are controlled by the same provisions of the Code and Rules—§§ 501 and 502 of the Code and Bankruptcy Rule 3002. If the consequence of tardy filing is disallowance in a Chapter 13 case, then the same consequence applies in a Chapter 7 case. There

is no provision of the Code or Rules to overcome this result.

In a Chapter 7 case, a tardily-filed claim has special distribution rights under §§ 726(a)(2) and (3). Section 726(a)(2)(C) provides "any allowed unsecured claim ... proof of which is tardily filed" will be paid together with timely filed claims if the creditor did not receive notice of the case in time to timely file and "proof of such claim is filed in time to permit payment of such claim." Section 726(a)(3) then provides a lower priority of distribution for claims which are tardily filed for any other reason. If a tardily-filed claim is disallowed, the priority for distribution to "allowed" tardily-filed claims in §§ 726(a)(2)(C) and (3) is a nonsense.[6] This destructive reading of the Code is avoided by a changed premise: tardily-filed claims are allowable in cases under all chapters of the Code; however, differences in treatment are appropriate based on § 726(a) in Chapter 7 cases and based on the provisions of confirmed plans in Chapter 13 cases.

The United States Court of Appeals for the Sixth Circuit has recognized that disallowance of tardily-filed claims is inconsistent with § 726(a). Faced with the question whether the Bankruptcy Rules prohibited the IRS to file an allowable tardy claim, the court explained in *U.S. v. Cardinal Mine Supply, Inc.*, 916 F.2d 1087, 1089 (6th Cir.1990): "certainly §§ 726(a)(3) contemplates that some tardily-filed claims can and will be filed and allowed.... [W]e cannot have a statute that specifically allows payment of tardily-filed claims and rules that prohibit their filing."

---

**6.** The *Bailey/Zimmerman* line of cases attempts to explain the reference to "allowed" untimely claims in § 726 as an irrelevant peculiarity of Chapter 7 cases. *See, e.g., Osborne,* 159 B.R. at 580; *Bailey,* 151 B.R. at 33. Some cases even read § 726 to suggest a general rule of disallowance. *See Leightner,* 161 B.R. at 63; *Messics,* 159 B.R. at 808.

These explanations are not persuasive. Section 726 governs *distributions* on allowed claims, not *allowance* of those claims. The lack of an analog to § 726 in other chapters reflects that distributions under those chapters are governed

by plans. Whether a claim is allowed or disallowed is a function of §§ 501 and 502, which apply equally to all chapters.

If late-filed claims are disallowed in Chapter 7 cases, §§ 726(a)(2)(C) and (a)(3) are superfluous. The Supreme Court cautions against statutory interpretation that disables parts of a comprehensive legislative scheme. *See Freytag v. C.I.R.,* 501 U.S. 868, ——, 111 S.Ct. 2631, 2637–38, 115 L.Ed.2d 764, 778 (1991); *U.S. v. Nordic Village,* —— U.S. ——, ——, 112 S.Ct. 1011, 1015–16, 117 L.Ed.2d 181, 189 (1992); *U.S. v. Menasche,* 348 U.S. 528, 538–39, 75 S.Ct. 513, 519–20, 99 L.Ed. 615, 624 (1953).

5. Late-filed claims are allowable in Chapter 13 cases to avoid statutory gridlock at confirmation. To confirm a plan, a Chapter 13 debtor must satisfy the best interests of creditors test in 11 U.S.C. § 1325(a)(4).[7] That test requires that the property to be distributed on account of each allowed unsecured claim must be not less than the amount that would be paid on such claim if the estate were liquidated under Chapter 7 on the effective date of the plan.

In a liquidation case under Chapter 7, a tardily-filed claim has distribution rights under §§ 726(a)(2) and (3). If late-filed claims are not allowable in a Chapter 13 case, then one of two things must be true: either there is an "exception" to § 1325(a)(4) for tardily-filed claims heretofore unrevealed in the Code or legislative history; or, Congress intended "allowed unsecured claim" in § 726(a) to have a different meaning than "allowed unsecured claim" in § 1325(a)(4). Neither of these outcomes is supportable.

Sections 726(a) and 1325(a)(4) are fully accommodated if tardily-filed claims are allowable, subject to appropriate provisions in a confirmed plan. If late-filed claim holders would not be entitled to distributions in a Chapter 7 case under § 726(a), then the test in § 1325(a)(4) would not prohibit confirmation of a Chapter 13 plan that provided no payment for late-filed claims.[8] If tardily-filed claim holders would be entitled to distributions in a Chapter 7 case, then § 1325(a)(4) prohibits confirmation of any plan that failed to protect that right.

### III

The arguments to disallow late-filed claims in Chapter 13 cases are primarily based on Bankruptcy Rules. Bankruptcy Rule 3002(a) provides that "[a]n unsecured creditor ... must file a proof of claim ... in accordance with this rule for the claim ... to be allowed...." Courts have interpreted this language to disallow untimely claims. *See, e.g., Zimmerman,* 156 B.R. at 197; *Bailey,* 151 B.R. at 32.

These courts would reconcile § 502 of the Code and Bankruptcy Rule 3002(a) by reciting that the Code deals with substance and the Rules with procedure. Under this reasoning, Congress did not abandon the "bar date" concept contained in § 57n of the old Act; rather, the Code delegated "procedural matters" such as deadlines to the rules. *Zimmerman,* 156 B.R. at 196–97; *Bailey,* 151 B.R. at 31–32; *Messics,* 159 B.R. at 809.

Congress delegated to the Rules Committee responsibility to define "timely" for purposes of the filing of proofs of claim. H.R.Rep. No. 595, 95th Cong., 1st Sess. 351 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 61 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5847, 6307 (cited in *Zimmerman,* 156 B.R. at 197) ("The Rules of Bankruptcy Procedure will set the time limits, the form and the procedure for filing, which will determine whether claims are timely or tardily filed."). However, the *substantive* effects of filing timely or untimely claims are defined by the Code, not the Rules. "[Section 502](b) prescribes *the grounds* on which a claim may be disallowed. The court will apply *these standards* if there is an objection to a proof of claim." S.Rep. No. 989, 95th Cong., 2d Sess. 62, *reprinted in* 1978 U.S.C.C.A.N. 5787, 5848 (emphasis added). The abandonment of § 57n effected a substantive change in bankruptcy law, not simply a reorganization of procedural matters. To the extent Bankruptcy Rule 3002 presumes to bar allowance of tardy claims, it is inconsistent with the Code and not effective. *See U.S. v. Cardinal Mine Supply,* 916 F.2d at 1089; *Bailey,* 151 B.R. at 33 n. 5.

The trustees and debtors argue that Chapter 13 cases will be difficult to administer if

---

7. 11 U.S.C. § 1325(a)(4) provides:
   (a) Except as provided in subsection (b), the court shall confirm a plan if—
   (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date.

8. Such a classification would be measured against the "unfair discrimination" standard in § 1322(b)(1).

late claims are allowed. The need for certainty of distributions in Chapter 13 cases must be reconciled with the statutory rights of late-filed claim holders. Tardy claims will be manageable in Chapter 13 cases because debtors will attend to the rights of such claim holders through the provisions of confirmed plans. Separate classifications of tardy claims will be tested against the "unfair discrimination" standard in § 1322(b)(1) and may or may not satisfy the best interests of creditors test under § 1325(a)(4). These are confirmation questions to be answered on the facts of individual cases.

The reasoning of *Sullins* and *Hausladen* is adopted. Tardiness alone does not disallow the claim of the Veterans' Administration.

An appropriate order will be entered.

## ORDER

For the reasons stated in the memorandum filed herewith, it is ORDERED that the claim of the Veteran's Administration is ALLOWED.

IT IS SO ORDERED.