**In re Christopher K. JETT, Debtor.**

**Christopher K. JETT, Plaintiff,**

v.

**NORWEST FINANCIAL, Defendant.**

Bankruptcy No. 95–20686.
Adv. No. 96–2022.

United States Bankruptcy Court,
E.D. Kentucky,
Covington Division.

July 26, 1996.

Jay T. Bosken, Covington, Kentucky, for plaintiff.

Lisa A. Herndon, Louisville, Kentucky, for defendant.

*MEMORANDUM OPINION*

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter is before the Court on the defendant's Motion to Dismiss, filed herein on May 15, 1996. The plaintiff filed an Answer to Defendant's Motion to Dismiss on May 23, 1996. The Court conducted a hearing on the motion and response on June 4, 1996, and took the matter under consideration. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b); the plaintiff has alleged that it is a core proceeding.

The record in this case reveals that the plaintiff filed a Chapter 13 petition in this Court on June 30, 1995. He filed his Chapter 13 Pool Plan on July 5, 1995. Schedule F filed therein listed the defendant as a creditor holding an unsecured nonpriority claim. Schedule H listed the plaintiff's former wife Stephanie ("Stephanie") as a codebtor on a debt to the defendant. The plaintiff's Plan proposed to pay the debt to the defendant at 100% "due to cosigned status." The plaintiff filed his First Amended Chapter 13 Pool Plan on October 19, 1995. The treatment of the debt to the defendant remained the same. An Order confirming this Plan was entered on November 15, 1995.

The plaintiff filed a Complaint to Enforce Codebtor Automatic Stay on May 7, 1996. Therein the plaintiff stated that he had been ordered to pay the debt to the defendant pursuant to a divorce decree entered by the Kenton Circuit Court in July 1994. The debt had originally been incurred by Stephanie, and not by him, during their marriage. He further stated that the defendant took the position that the codebtor stay provided for in 11 U.S.C. § 1301 did not apply to this debt, and was demanding payment from Stephanie. The plaintiff asked the Court to enforce his confirmed plan and the codebtor stay. The defendant filed an Answer and Counterclaim on May 15, 1996, the same day that it filed its Motion to Dismiss.

Section 1301 of the Bankruptcy Code provides in pertinent part:

(a) Except as provided in subsections (b) and (c) of this section, after the order for

relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from an individual that is liable on such debt with the debtor, or that secured such debt, unless—

(1) such individual became liable on or secured such debt in the ordinary course of such individual's business; or

(2) the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title.

The defendant contends that 11 U.S.C. § 1301 does not apply to it because the debt is not the plaintiff's debt, and it is not a creditor of the plaintiff. The plaintiff replies that the statute should be construed to include the debt to the defendant in the Chapter 13 Plan.

The Court believes that the primary issue to be resolved here is whether Stephanie can be a "codebtor" within the meaning of 11 U.S.C. § 1301. When the plaintiff filed his Chapter 13 case, Stephanie was his creditor by virtue of the court order entered in their divorce case in the Kenton Circuit Court on July 7, 1994. There the plaintiff was ordered to pay the subject debt and hold her harmless from it. *See McDonald v. McDonald,* 882 S.W.2d 134, Ky.App., (1994), at page 136, wherein the court identified the wife as the creditor of the husband pursuant to their property settlement agreement in which he agreed to be responsible for certain debts and hold her harmless from them.

It therefore appears that Stephanie should have been listed as an unsecured creditor in the plaintiff's Chapter 13 petition and that she should have filed a claim in the case. The defendant was listed as the creditor, but did not file a claim, nor did the plaintiff file one for it. As set out in *Matter of Andrew,* 162 B.R. 46 (Bkrtcy.M.D.Ga.1993):

The filing of a proof of claim in a Chapter 13 case is governed by Bankruptcy Rule 3002. Rule 3002 provides:

Rule 3002. Filing Proof of Claim or Interest

(a) Necessity for filing

An unsecured creditor or an equity security holder *must file* a proof of claim or interest in accordance with this rule *for the claim or interest to be allowed,* except as provided in Rules 1019(3), 3003, 3004 and 3005.

Fed.R.Bankr.P. 3002(a) (emphasis added).

The Court is persuaded that Rule 3002(a) clearly states that an unsecured creditor in a Chapter 13 case must file a proof of claim for the claim to be allowed.

At page 49. Even if the defendant were the creditor of the plaintiff, it would receive no distribution in the Chapter 13 proceeding since it did not file a claim (and it is not a secured creditor with respect to the debtor).

The plaintiff has characterized the subject debt as "co-signed" when in fact Stephanie is indebted to the defendant and the plaintiff is indebted to Stephanie. In seeking to protect Stephanie from collection efforts by the defendant, the plaintiff has created an artificial scenario that does not correspond to the facts. Even the definition of "co-debtor" makes it clear that the relationships among the plaintiff, the defendant, and Stephanie are not as the plaintiff would have them.

In *In re Bigalk,* 75 B.R. 561 (Bkrtcy. D.Minn.1987), stated:

Though 11 U.S.C. § 101 contains no definition of the term 'codebtor,' the legislative history indicates that the codebtor is to be considered as the signing obligor who did not receive the consideration for the claim held by the creditor, and, therefore, who put forward his creditworthiness and assumed liability on the debt solely for the benefit of the debtor now in bankruptcy. H.R.REP. No. 595, 95th Cong., 1st Sess. 426 (1977); S.REP. No. 989, 95th Cong.2d Sess. 138 (1978).

At page 565. Stephanie was not the "signing obligor who did not receive the consideration for the claim held by the creditor," as set out above. She did in fact receive consideration, i.e., the items she purchased for which she became indebted to the defendant, and she did not "assume[ ] liability on the debt solely for the benefit of the debtor now in bankruptcy." It seems clear, therefore, that § 1301 does not apply in this matter because Stephanie is the plaintiff's creditor and not a co-debtor.

In consideration of the foregoing, it is the opinion of this Court that the defendant's Motion to Dismiss should be sustained. An order in conformity with this opinion will be entered separately.